**Ralffy DIAZ REYES, Plaintiff,**

v.

**POLICE DEPARTMENT OF PUERTO RICO, Defendant.**

**No. 00–2095 (SEC).**

United States District Court,
D. Puerto Rico.

Aug. 15, 2001.

Enrique J. Mendoza-Mendez, Mendoza & Baco, San Juan, PR, for Plaintiff.

Laura Belendez-Ferrero, Arlington, VA, for Defendant.

**OPINION AND ORDER**

CASELLAS, District Judge.

Before the Court is Defendant Police Department of Puerto Rico's motion to dismiss the complaint. (**Docket # 7**). For the reasons set forth below, Defendant's motion is **GRANTED.**

## Background

On August 30, 2000, Plaintiff filed the above-captioned case against the Police Department of Puerto Rico. In the complaint, Plaintiff alleged that the Police Department discriminated against him in violation of the Americans With Disabilities Act, 42 U.S.C. § 12101, *et seq*, and he sought monetary and injunctive relief. On November 6, 2000, Defendant filed a motion to dismiss and/or stay the proceedings pending the Supreme Court's resolution of *Board of Trustees of the University of Alabama v. Garrett*, where the issue was whether states have Eleventh Amendment immunity from claims brought under the ADA. (Docket # 7). Plaintiff opposed Defendant's motion on November 13, 2000, arguing against both a dismissal and a stay. (Docket # 8). On January 22, 2001, the Court denied Defendant's motion to dismiss without prejudice, but stayed the proceedings pending the Supreme Court's decision in *Garrett*. (Docket # 12).

On February 21, 2000, the Supreme Court decided *Garrett* by holding that suits in federal court, commenced by state employees, to recover money damages by reason of the State's failure to comply with the provisions of Title I of the ADA are barred by the Eleventh Amendment. 531 U.S. 356, 121 S.Ct. 955, 148 L.Ed.2d 866 (2001). While the Court's language was clear and unambiguous on the precise issue of money damages against the State, the Court did not explicitly resolve the issue with regard to injunctive relief. The Supreme Court did hint however, that injunctive remedies such as reinstatement would remain viable in certain limited circumstances. Footnote nine of the opinion indicates that:

> [o]ur holding here that Congress did not validly abrogate the States' sovereign immunity from suit by private individuals for money damages under Title I

does not mean that persons with disabilities have no federal recourse against discrimination. Title I of the ADA still prescribes standards applicable to the States. Those standards can be enforced by the United States in actions for money damages, as well as by private individuals in actions for injunctive relief under *Ex parte Young*, 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908). In addition, state laws protecting the rights of persons with disabilities in employment and other aspects of life provide independent avenues of redress.

*Garrett*, 121 S.Ct. at 968 n. 9.

Shortly after *Garrett* was decided, Defendant filed a motion for reconsideration of our order arguing that *Garrett* forecloses Plaintiff's entire claim for relief against the Police Department. (Docket # 14). Plaintiff filed a response to Defendant's motion on February 27, 2001. (Docket # 15). In the opposition, Plaintiff agrees with Defendant's assessment that *Garrett* forecloses an action for money damages against the state, however, he believes that he is entitled to maintain his action against the Defendant for injunctive relief. The issue then before the Court is: what effect did the Supreme Court's decision in *Garrett* have on parties seeking injunctive relief against state entities such as the Police of Puerto Rico?

## Analysis

 Plaintiff contends that in light of the Supreme Court's statement regarding injunctive relief, his claims for reinstatement and a reasonable accommodation are not barred. Plaintiff's vehicle for bringing a claim for injunctive relief would lie under the doctrine of *Ex Parte Young*, 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908). "*Ex Parte Young* allows a way around the bar to federal jurisdiction erected by the Supreme Court's Eleventh Amendment jurisprudence only in cases where prospec-

tive declaratory or injunctive relief is sought under federal law .... The *Ex Parte Young* doctrine does not apply in cases where plaintiffs seek monetary relief for past violations of federal law, regardless of whether the party the plaintiffs seek to designate as a defendant is nominally a state officer sued in his official capacity." *Mills v. Maine*, 118 F.3d 37, 54 (1st Cir.1997) (citations omitted). In addition, *"Ex Parte Young* only avoids the Eleventh Amendment defense where relief ... is sought against named state officials for a violation of federal law." *Neo Gen v. New England Newborn*, 187 F.3d 24, 28 (1st Cir.1999).

█ In this case Plaintiff has only sued the Police Department of the Commonwealth of Puerto Rico, the agency with whom he was employed. He did not name any state official in a personal or official capacity. Therefore, the Court does not have jurisdiction over this case under the *Ex Parte Young* doctrine, even if the equitable relief Plaintiff seeks would otherwise be available.

Conclusion

Defendant's motion to dismiss is **GRANTED**, and Plaintiff's claim against the Police Department of the Commonwealth of Puerto Rico is **DISMISSED WITHOUT PREJUDICE** for a lack of jurisdiction.

**SO ORDERED.**